**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

Case No. 08-35654

HENRY GLENN CHAPMAN
BARBARA ANN CHAPMAN
a/k/a BOBBIE CHAPMAN

                Debtors

**MEMORANDUM ON OBJECTION BY TRUSTEE
TO DEBTORS' SCHEDULE C EXEMPTIONS**

**APPEARANCES:**    HODGES, DOUGHTY & CARSON, PLLC
                        Kandi R. Yeager, Esq.
                        Post Office Box 869
                        Knoxville, Tennessee 37901-0869
                        Attorneys for Trustee

                      ROBERT R. REXRODE, ESQ.
                        601 Concord Street, S.W.
                        Suite 106
                        Knoxville, Tennessee 37919
                        Attorney for Debtors

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court upon the Objection By Trustee to Debtors' Schedule C Exemptions (Objection to Exemption) filed by the Chapter 7 Trustee, Dean B. Farmer, on July 6, 2009, objecting to the Debtors' claimed $15,000.00 joint exemption in a "Personal Injury Lawsuit." The Trustee seeks to limit the exemption to $7,500.00, the amount he agrees is allowable to Barbara Chapman. Pursuant to an Agreed Order entered on October 6, 2009, the parties agreed that an evidentiary hearing was not necessary and that the issues could be decided on stipulations and briefs. Accordingly, the parties filed a Statement of Undisputed Facts on September 25, 2009. On September 29, 2009, the Trustee filed his Memorandum of Law in Support of Trustee's Objection to Debtors' Schedule C Exemptions and the Debtors filed the Debtors' Trial Brief.

This is a core proceeding. 28 U.S.C. § 157(b)(2)(B) (2006).

# I

On December 17, 2004, the Debtor, Barbara Chapman, was involved in a motor vehicle accident, and on December 7, 2005, both Debtors commenced an action styled *Barbara Chapman, and husband, H. Glenn Chapman v. Charles K. McConnell*, Case No. L-15060, in the Circuit Court for Blount County, Tennessee (Personal Injury Lawsuit). In their Complaint, marked as Exhibit A to the Statement of Undisputed Facts, the Debtors sought a judgment for Mrs. Chapman not exceeding $200,000.00 to compensate her for personal injuries incurred in the accident and a judgment for Mr. Chapman not to exceed $50,000.00 for emotional distress and loss of consortium.

The Debtors filed the Voluntary Petition commencing their Chapter 7 bankruptcy case on December 15, 2008. On June 11, 2009, they filed an Amended Statement of Financial Affairs

disclosing the Personal Injury Lawsuit together with an Amended Schedule C - Property Claimed as Exempt listing the value of the Personal Injury Lawsuit as $250,000.00 and claiming a joint exemption of $15,000.00. The Trustee filed his Objection to Exemption on July 6, 2009, objecting only to Mr. Chapman's claim to a $7,500.00 exemption grounded on his loss of consortium claim asserted in the Personal Injury Lawsuit.

Thereafter, on August 17, 2009, following the filing of an appropriate motion by the Trustee, the court entered an Order Approving Compromise and Settlement, authorizing the Trustee to settle the Personal Injury Lawsuit for the sum of $60,000.00. Of this amount, $22,210.95 was paid as an administrative expense to Steve Merritt, the attorney prosecuting the Personal Injury Lawsuit, and $16,500.00 was paid to The Rawlings Company/Aetna Health Plans for its subrogation interest. The remaining $21,289.05 is being held by the Trustee pending the resolution of this contested matter.

Pursuant to the Joint Statement of Issues filed on September 29, 2009, the issue before the court is whether,

> in a joint Chapter 7 case, a Debtor-Husband is entitled to claim a $7,500 exemption, separate from the $7,500 bodily injury exemption claim by the Debtor-Wife, under Tennessee Code Annotated section 26-2-111(2)(B) for his loss of consortium claim arising from an automobile accident involving the Debtor-Wife?

## II

The filing of a bankruptcy petition forms a debtor's bankruptcy estate, which consists of "all legal and equitable interests of the debtor in property as of the commencement of the case." *See* 11 U.S.C. § 541 (2006). This definition is intended to be broad and includes personal injury claims

3

arising from a pre-petition automobile accident, regardless of whether the claim has been liquidated, legal action has been commenced, or settlement has been reached prior to the date the petition was filed. *Crocker v. Calderon (In re Calderon)*, 363 B.R. 537, 540-41 (Bankr. M.D. Tenn. 2003). However, to ensure that they retain "sufficient property to obtain a fresh start[,]" debtors are allowed to exempt certain property, which "is subtracted from the bankruptcy estate and not distributed to creditors[,] *In re Arwood*, 289 B.R. 889, 892 (Bankr. E.D. Tenn. 2003) (quoting *Lawrence v. Jahn (In re Lawrence)*, 219 B.R. 786, 792 (E.D. Tenn. 1998)), but "[w]hen debtors file a joint petition, their 'estates are in legal effect separate or several' [and each] spouse can claim an exemption only in property from his or her separate estate." *In re Hensley*, 393 B.R. 186, 193 (Bankr. E.D. Tenn. 2008).

Exemptions, which are determined as of the date upon which the bankruptcy case is commenced, are construed liberally in favor of debtors, and "when it is possible to construe an exemption statute in ways that are both favorable and unfavorable to a debtor, then the favorable method should be chosen." *In re Garbett*, 410 B.R. 280, 284 (Bankr. E.D. Tenn. 2009) (quoting *In re Lichtenberger*, 337 B.R. 322, 324 (Bankr. C.D. Ill. 2006)); *see also In re Nipper*, 243 B.R. 33, 35 (Bankr. E.D. Tenn. 1999). In order to claim property as exempt, debtors must file a statement listing the property along with the amount of the claimed exemption and the statutory basis therefor, subject to objection by a party in interest. FED. R. BANKR. P. 4003(a), (b). As the objecting party, the Trustee bears the burden of proof by a preponderance of the evidence that the Debtors' exemption has been improperly claimed, FED. R. BANKR. P. 4003(c), otherwise it retains its prima facie presumption of correctness and will stand. *Garbett*, 410 B.R. at 284.

4

Because Tennessee has "opted out" of the federal exemptions allowable under 11 U.S.C. § 522(d) (2006), the Debtors in this case must use Tennessee's statutory exemptions. *See* TENN. CODE ANN. § 26-2-112 (2000).[1] As the basis for his claimed exemption, Mr. Chapman relies upon the following Tennessee statutory exemption:

> **Additional exemptions – . . . Awards –** . . . In addition to the property exempt under § 26-2-103[2], the following shall be exempt from execution, seizure or attachment in the hands or possession of any person who is a bona fide citizen permanently residing in Tennessee:
>
> . . . .
>
> (2) The debtor's right not to exceed in the aggregate fifteen thousand dollars ($15,000) to receive or property that is traceable to:
>
> . . . .
>
> (B) A payment, not to exceed seven thousand five hundred dollars ($7,500) on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent[.]

TENN. CODE ANN. § 26-2-111(2)(B) (Supp. 2009). In support of his Objection to Exemption, the Trustee argues that Mr. Chapman's loss of consortium claim does not fall within the scope of the

---

[1] **Exemptions for the purpose of bankruptcy**. — The personal property exemptions as provided for in this part, and the other exemptions as provided in other sections of the Tennessee Code Annotated for the citizens of Tennessee, are hereby declared adequate and the citizens of Tennessee, pursuant to section 522(b)(1), Public Law 95-598 known as the Bankruptcy Reform Act of 1978, Title 11 USC, section 522(b)(1), are not authorized to claim as exempt the property described in the Bankruptcy Reform Act of 1978, 11 USC 522(d).

TENN. CODE ANN. § 26-2-112 (2000); *see also Rhodes v. Stewart*, 705 F.2d 159, 161-62 (6th Cir. 1983) (holding that Tennessee's "opt-out" statute is constitutional).

[2] Tennessee Code Annotated § 26-2-103 (2001) grants debtors an exemption in personal property in the aggregate amount of $4,000.00.

5

statute as a bodily injury claim and that Mr. Chapman is not a dependent of Mrs. Chapman.[3] On the other side, the Debtors argue that because Mr. Chapman's loss of consortium claim is derivative from Mrs. Chapman's claim of bodily injury, his claimed exemption of $7,500.00 should likewise be allowed.

"The cardinal rule of statutory construction is to effectuate legislative intent, with all rules of construction [aiding] to that end." *Browder v. Morris*, 975 S.W.2d 308, 311 (Tenn. 1998); *see also Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995) ("The most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope."). In order to ascertain legislative intent, courts should "look to the language of the statute, its subject matter, the object and reach of the statute, the wrong or evil which it seeks to remedy or prevent, and the purpose sought to be accomplished in its enactment[,]" *State v. Collins*, 166 S.W.3d 721, 726 (Tenn. 2005) (internal quotation marks and citation omitted), and if "unambiguous, the legislative intent shall be derived from the plain and ordinary meaning of the statutory language." *State v. Wilson*, 132 S.W.3d 340, 341 (Tenn. 2004); *see also Schering-Plough v. State Bd. of Equalization*, 999 S.W.2d 773, 775 (Tenn. 1999) ("Legislative intent is to be ascertained whenever possible from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language.").

---

[3] The record before the court will not support a determination of whether Mr. Chapman is, or is not, a dependent of Mrs. Chapman. The court does not, however, find the issue of whether Mr. Chapman is, or is not, a dependent of Mrs. Chapman material to the resolution of the Trustee's Objection because the Trustee does not dispute Mrs. Chapman's entitlement to the $7,500.00 attributable to the personal bodily injury she sustained in the December 17, 2004 automobile accident.

The ultimate goal is to "adopt a reasonable construction which avoids statutory conflict and provides for harmonious operation of the laws[,]" *Carver v. Citizen Utils. Co.*, 954 S.W.2d 34, 35 (Tenn. 1997), and when the parties derive different interpretations from the statutory language, "the court must look to the statutory scheme as a whole, as well as legislative history, to discern its meaning." *Parks v. Tenn. Mun. League Risk Mgmt. Pool*, 974 S.W.2d 677, 679 (Tenn. 1998); *see also Galloway v. Liberty Mut. Ins. Co.*, 137 S.W.3d 568, 570 (Tenn. 2004) ("When interpreting statutes, a reviewing court must ascertain and give effect to the legislative intent without restricting or expanding the statute's intended meaning or application."). Although "on account of" is not defined by the statute, it has been interpreted within the Bankruptcy Code "to mean 'because of,' thereby requiring a causal connection between the term that the phrase 'on account of' modifies and the factor specified in the statute at issue." *In re Vickers*, 408 B.R. 131, 138 (Bankr. E.D. Tenn. 2009) (quoting *In re Green*, 2007 Bankr. LEXIS 1182, at *3, 2007 WL 1031677, at *1 (Bankr. E.D. Tenn. Apr. 2, 2007)).

There is no legislative history concerning the enactment of § 26-2-111(2)(B); however, the language of § 26-2-111(2)(B) is practically identical to that of 11 U.S.C. § 522(d)(11)(D),[4] and "where a state has borrowed from similar federal legislation, federal courts may presume that the state legislatures intended what Congress intended." *Vickers*, 408 B.R. at 140 (quoting *Rousey v. Jacoway*, 125 S. Ct. 1561, 1566 (2005)). Courts analyzing the legislative history of the federal exemption statute to assess legislative intent have found it was "designed to cover payments in

---

[4] Tennessee Code Annotated § 26-2-111, which was enacted in 1980 as part of the same legislation as § 26-2-112, "opting-out" of the federal bankruptcy exemptions, mirrors the language of the federal statute, 11 U.S.C. § 522(d)(11)(D), with the exception of Tennessee's $15,000.00 aggregate cap, for which there is none under the federal statute, and the $7,500.00 "personal bodily injury" limitation in comparison to a $20,200.00 limitation under 11 U.S.C. § 522(d)(11)(D).

compensation of actual bodily injury, such as the loss of a limb, and is not intended to include the attendant costs that accompany such a loss, such as medical payments, pain and suffering, or loss of earnings." *In re Haga*, 48 B.R. 492, 495 (Bankr. E.D. Tenn. 1985) (quoting H.R. REP. NO. 595, 95th Cong., 1st. Sess. 362, reprinted in 1978 U.S.C.C.A.N. 5963, 6318); *see also In re Chaney*, 151 B.R. 147, 149 (Bankr. W.D. Tenn. 1993). "It is the consensus among the overwhelming majority of the courts having faced this issue that compensation designated purely for 'personal bodily injury' is exempt 'so long as the money is specifically not intended as compensation for pain and suffering or actual pecuniary loss.'" *In re Barner*, 239 B.R. 139, 143 (Bankr. W.D. Ky. 1999) (quoting *Lester v. Storey (In re Lester)*, 141 B.R. 157, 164 (Bankr. S.D. Ohio 1991)). There is no dispute between the Trustee and the Debtors that Mrs. Chapman suffered bodily injuries and that Mr. Chapman's claim did not "include actual physical injuries." STMT. UNDISP. FACTS at ¶ 4. Therefore, for Mr. Chapman's disputed exemption to fall within the scope of § 26-2-111(2)(B), his loss of consortium claim must have a causal connection to Mrs. Chapman's injuries and must not constitute an attendant loss.[5]

"Loss of consortium" has been defined by Tennessee courts as follows:

> The term [consortium] has developed to include the right of the wife to the society and comfort of the husband, and is now used interchangeably to denote the affection, aid, assistance, companionship, comfort, and society of either spouse; and as thus

---

[5] The overwhelming majority of bankruptcy courts addressing the issue of whether loss of consortium claims fall within "personal bodily injury" exemption have allowed the exemption, in part, due to its derivative nature. *See In re Bippert*, 311 B.R. 456, 471-72 (Bankr. W.D. Tex. 2004) (allowing an exemption under § 522(d)(11)(D) and Texas law); *Longhenry v. Wyatt (In re Longhenry)*, 246 B.R. 234, 238 (Bankr. D. Md.) (allowing the exemption under § 522(d)(11)(D) and Maryland law); *In re Dealey*, 204 B.R. 17 (Bankr. C.D. Ill. 1997) (allowing the exemption under the Illinois statute and state law); *In re Young*, 93 B.R. 590, 594 (Bankr. S.D. Ohio 1988) (allowing the exemption under the similarly-worded Ohio statute and state law); *but see In re McWhorter,* 2006 Bankr. LEXIS 722, at *6 (Bankr. D.S.C. Mar. 24, 2006) (stating that under South Carolina law, "[c]onsequential damages, such as loss of consortium, medical and hospital expenses, etc., are generally held not to constitute 'bodily injuries' . . . .") (citation omitted).

> employed the term has been defined as, those duties and obligations which by marriage both husband and wife take on themselves toward each other in sickness and health; conjugal affection; conjugal fellowship; conjugal society and assistance; the conjugal society arising by virtue of the marriage contract; the consort's affection, society, or aid; the person's affection, society or aid; the person, affection, assistance, and aid of the spouse. The loss of consortium is the loss of any or all of these rights.

*Moyer v. Herman*, 1987 Tenn. App. LEXIS 3208, at *18-19, 1987 WL 15472, at *7 (Tenn. Ct. App. Aug. 12, 1987); *accord Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593 (Tenn. 1999);[6] *Jackson v. Miller*, 776 S.W.2d 115 (Tenn. Ct. App. 1989).[7]

Loss of consortium actions in personal injury cases are expressly authorized by statute in Tennessee. *See* TENN. CODE ANN. § 25-1-106 (2000) ("There shall exist in cases where such damages are proved by a spouse, a right to recover for loss of consortium.").

> Basically, a claim for loss of consortium recognizes that when a person is injured by the tortious act of another, whether negligent or intentional, the injury may have an effect beyond the loss sustained by the injured person. Thus, the purpose of the cause of action is to obtain damages to that injured person's spouse when the injury causes their marital relationship to suffer such that the plaintiff is deprived of his or her spouse's "company, companionship and assistance."

---

[6] Loss of consortium consists of several elements, encompassing not only tangible services provided by a family member, but also intangible benefits each family member receives from the continued existence of other family members. Such benefits include attention, guidance, care, protection, training, companionship, cooperation, affection, love, and in the case of a spouse, sexual relations.

*Jordan*, 984 S.W.2d at 602.

[7] Consortium is defined as: "the conjugal fellowship of husband and wife, and the right of each to the company, cooperation, affection and aid of the other in every conjugal relation" . . . loss of consortium is a right of action separate from that of the husband for his damage, . . . loss of services is a part of the loss of consortium, and . . . both loss of services and loss of consortium must be proven by the wife.

*Swafford v. Chattanooga*, 743 S.W.2d 174, 178 (Tenn. Ct. App. 1987) (quoting *Manning v. Altec, Inc.*, 488 F.2d 127, 132 (6th Cir. 1973)); *Jackson*, 776 S.W.2d at 116-17.

*Kinzer v. Metro. Gov't of Nashville & Davidson County*, 451 F. Supp. 2d 931, 935 (M.D. Tenn. 2006) (quoting *Cross v. City of Memphis*, 1999 Tenn. App. LEXIS 263, at *11, 1999 WL 236405, at *4 (Tenn. Ct. App. Apr. 22, 1999), *rev'd on other grounds*, 20 S.W.3d 642 (Tenn. 2000)). "[D]espite being a separate claim from that of an injured spouse for other damages, loss of consortium is also a derivative claim in that the physical injuries or incapacities of one's spouse give rise to and establish the claim." *Tuggle v. Allright Parking Sys., Inc.*, 922 S.W.2d 105, 108 (Tenn. 1996); *see also Clark v. Shoaf*, 209 S.W.3d 59, 61 (Tenn. Ct. App. 2006). Put another way, because "[a]n important element of a party's claim for loss of consortium in Tennessee is that the defendant must actually be liable for the injuries to the spouse . . . an action for loss of consortium in Tennessee is derivative in that it 'originates from' or 'owes its existence to' the spouse's claim for personal injuries." *Kinzer*, 451 F. Supp. 2d at 935 (quoting *Hunley v. Silver Furniture Mfg. Co.*, 38 S.W.3d 555, 557 (Tenn. 2001)).

Although brought under a different statute, Tennessee courts have consistently included loss of consortium within the elements of the pecuniary value of a decedent's life in wrongful death cases, where the decedent's spouse "may receive damages for the pecuniary value of the decedent's life[, and] . . . may also receive damages for the loss of consortium, which is included in the pecuniary value of the decedent's life." *Hunter v. Ura*, 163 S.W.3d 686, 705 (Tenn. 2005) (citing *Thrailkill v. Patterson*, 879 S.W.2d 836, 841 (Tenn. 1994), and *Jordan*, 984 S.W.2d at 601-02); *see also Hall v. Stewart*, 2007 Tenn. App. LEXIS 60, at *8-9, 2007 WL 258406, at *3 (Tenn. Ct. App. Jan. 31, 2007) ("Pecuniary value also includes spousal and parental consortium [which] encompasses

10

the tangible services provided to the family by the decedent as well as the intangible benefits received by the family members, such as attention, care, guidance, protection, affection, companionship, love, and training."). This interpretation is in accord with Black's Law Dictionary's definition of pecuniary loss:

> A loss of money, or of something by which money or something of money value may be acquired. As applied to a dependent's loss from death pecuniary loss means the reasonable expectation of pecuniary benefit from the continued life of the deceased: such includes loss of services, training, nurture, education, guidance, and society. Pecuniary loss within Wrongful Death Act means what the life of decedent was worth, in a pecuniary sense, to the survivors, including loss of care, love, and affection.

BLACK'S LAW DICTIONARY 1131 (6th ed. 1994).

Based upon the foregoing, there is no question that Mr. Chapman's action for loss of consortium is "on account of" the personal bodily injuries suffered by Mrs. Chapman. Nevertheless, construing § 26-2-111(2)(B) liberally in favor of the Debtors, based upon the court's review of Tennessee law, claims for loss of consortium are included within "compensation for actual pecuniary loss" and, as such, are expressly excluded from the exemption. Accordingly, the Trustee's Objection to Exemption shall be sustained, and the exemption under Tennessee Code Annotated § 26-2-111(2)(B) is limited to $7,500.00 for Mrs. Chapman's personal bodily injuries.

11

An order consistent with this Memorandum will be entered.

FILED: February 3, 2010

                                                BY THE COURT

                                                */s/  RICHARD STAIR, JR.*

                                                RICHARD STAIR, JR.
                                                UNITED STATES BANKRUPTCY JUDGE